# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:17-CV-02570-SNLJ |
| GREEN TRAC, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' second Motion for Entry of Partial Default Judgment (#18). Defendant has not responded to Plaintiffs' Motion and the time to do so has elapsed. E.D. Mo. L.R. 4.01. For the following reasons, the Court will **DENY** Plaintiffs' second Motion for Entry of Partial Default Judgment **without prejudice**.

Plaintiffs filed this action to obtain an accounting of Defendant Green Trac, LLC's books and records and to collect delinquent fringe benefit contributions pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 (#1). Defendant was served with the Complaint on November 20, 2017 (#9). On January 25, 2018, Plaintiffs filed a Motion for Entry of Partial Default Judgment but, at the time, the record did not reflect a request for Clerk's Entry of Default (#15, #16). Therefore, the Court entered a Show Cause Order directing Plaintiffs to file a motion for an entry of default (#16). On February 4, 2018, Plaintiffs filed a second Motion for Entry of Partial Default Judgment (#18) and a Motion for Entry of Clerk's Default (#17). On February 9, 2018, a Clerk's Entry of Default was entered as to Defendant (#20). As a preliminary matter, because the original Motion for Entry of Partial Default

Judgment (#15) and the current Motion for Entry of Partial Default Judgment (#18) are identical, the Court will deny the original motion without prejudice as moot. In their second Motion for Entry of Partial Default Judgment, Plaintiffs seek judgment against Defendant in the amounts of $15,633.31 for delinquent contributions, $3,126.66 in liquidated damages, and $1,949.20 for attorneys' fees and costs (#18, #19). Plaintiffs have provided documentation in support of their assertions (#18-1, #18-2).

"Where default has been entered, the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Carpenters' Dist. Council of Greater St. Louis and Vicinity v. Hard Rock Foundations, LLC*, No. 4:13CV01549 AGF, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013) (citation omitted). "In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) (internal quotation omitted). A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages—totaling twenty percent of the delinquency—interest, attorneys' fees, and costs. *See* 29 U.S.C. § 1132(g)(2)(E). Damages must be proven by a preponderance of the evidence. *See Iron Workers St. Louis Dist. v. Arrow Fence, Inc.*, No. 4:11CV02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013).

Upon review of the record, the Court finds Plaintiffs have failed to support their requests for damages by a preponderance of the evidence. First, while Plaintiffs' Motion specifies that Plaintiffs request *partial* default judgment, neither the judgment requested (#18-3) nor the title of the memorandum in support (#19) indicate that Plaintiffs intend to seek any additional relief than

what is requested in their briefing (#19). Indeed, Plaintiffs appear to request full default judgment in both documents. Second, Plaintiffs' request for delinquent contributions is not fully supported by the record. Specifically, Plaintiffs request $4,054.49 in principal benefits and deductions for May 2017, $6,602.53 in principal benefits and deductions for June 2017, and $4,976.29 in principal delinquent contributions from January 1, 2014 through December 31, 2016. In support of these figures, Plaintiffs provide the affidavit of Rodney Duffy, Fund Collector for the pension fund, a handwritten note, and two computer screen printouts with handwritten adjustments (#18-1). The Court finds the handwritten accounting in support of Mr. Duffy's affidavit unconventional. While the first two amounts could arguably be supported by the affidavit of Mr. Duffy alone, the third figure, the $4,976.29 apparently from January 1, 2014 through December 31, 2016, is unsupported by Mr. Duffy's affidavit. Although the number is listed in paragraph 9 of the affidavit, the paragraph does not reflect a time period. Further, the handwritten accounting does not address this third amount. The Court is mindful that the accounting records in this case may not be pristine but, given this record and accompanying confusion, the Court may not issue judgment.

Therefore, the Court will direct Plaintiffs to file a third motion for default judgment with supporting documentation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Partial Default Judgment (#14) is **DENIED, without prejudice, as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' second Motion for Entry of Partial Default Judgment (#18) is **DENIED, without prejudice**. Plaintiffs shall file a third, appropriate motion for default judgment within fourteen (14) days of the date of this Order supported by all

necessary affidavits and documentation, as well as a proposed order for the Court's consideration. Failure to comply with this Order may result in dismissal of this matter without prejudice.

Dated this __11th__ day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE